IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN RASHAAN HORSEY, SR., | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-14-397 |
| STATE COMMISSIONER #2112 | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

The above-captioned case was opened on February 10, 2014, upon receipt of a complaint filed by Kevin Horsey, Sr., plaintiff, pursuant to 42 U.S.C. §1983, alleging that on October 2, 2013, at a state "initial bond hearing," District Court Commissioner Ward denied his request for counsel. ECF 1. Plaintiff was directed to file an amended complaint. ECF 3. The court is in receipt of the amended complaint (ECF 4), in which plaintiff reiterates his claim that he was denied counsel at his initial bail hearing. He seeks monetary damages and dismissal of the criminal charges against him.

Plaintiff seeks damages against a party who is immune from the claim asserted. *See Burns v. Reed*, 500 U.S. 478 (1991). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). Quasi-judicial immunity is absolute. *Id.* The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Kincaid v. Vail,* 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir. 1989)).

In determining the applicability of quasi-judicial immunity, courts consider three main

criteria: "(1) whether the official's functions are similar to those of a judge; (2) whether a strong need exists for the official to perform essential functions for the public good without fear of harassment and intimidation; and (3) whether adequate procedural safeguards exist to protect against constitutional deprivations." *Howard v. Food Lion Inc.*, 232 F. Supp.2d 585, 594 (M.D.N.C. 2002) (citing *Qstrzenski v. Seigel,* 177 F.3d 245, 249 (4th Cir. 1999)).

In Maryland, a defendant's initial appearance must take place before a judicial officer. *DeWolfe v. Richmond,* 434 Md. 444, 449, 76 A.3d 1019, 1022 (2013). Under Maryland Rule 4-102(b), a "judicial officer" may be either a District Court Commissioner or a judge. *Id.* However, it is "general practice" in Maryland for a District Court Commissioner to preside over an initial appearance. *Id.*

Court commissioners are appointed by the Chief Judge of the District Court, and hold their office at the Chief Judge's pleasure. *See* Md. Code, Cts. & Jud. Proc. §2-607(a) & (b). A Commissioner may receive applications and determine probable cause for issuing charging documents. *Id.*, § 2-607(c). A Commissioner also advises an arrestee of his constitutional rights. And, a Commissioner determines an arrestee's eligibility for release. *DeWolfe*, 434 Md. at 450, 76 A.3d at 1022. He or she sets bond, commits the arrestee to jail, or may release the arrestee on personal recognizance. *See* Md. Rule 4-216(f). In *State v. Smith*, 305 Md. 489, 517, 505 A.2d 511, 524, *cert. denied*, 476 U.S. 1186 (1986), the Maryland Court of Appeals said: "[I]t is beyond question that commissioners of the District Court of Maryland are judicial officers in name and in fact. The Maryland Rules so designate them. Rule 4-102(f). . . . Their duties are those which may also be exercised by District Court judges. They are, in the true sense of the term, 'judicial officers' and they perform judicial functions."

Notably, if an arrestee is not released by the Commissioner, then the defendant must be

presented to a State District Court judge immediately or at the next session of the court. *Id.* That is what occurred here. Horsey's submissions show that District Court Judge Bruce Wade conducted a bail review hearing on October 3, 2013, and denied bail. But, Horsey was referred to the State Public Defender. *See* ECF 4, Document 4, at 10-11.

Based on Maryland law, decisions made by court commissioners are at least "quasi-judicial." Like judges, court commissioners must be able to function without fear of harassment or the threat of litigation. Accordingly, Commissioner Ward is entitled to absolute quasi-judicial immunity for the decisions made in the context of judicial proceedings such as a preliminary hearing.

Pursuant to *Pressly v. Gregory,* 831 F.2d 514, 517 (4th Cir. 1987), "immunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction." *Id.* (citing *Stump v. Sparkman,* 435 U.S. 349 (1978)). Plaintiff's action against Commissioner Ward simply is not cognizable, because there is no allegation that the Commissioner acted outside of his jurisdiction. *See Rice v. Dunn*, 568 A.2d 1125, 1128 (Md. App. 1990) (holding court commissioner was performing judicial act in issuing arrest warrant and entitled to absolute judicial immunity).

It is noteworthy that, at about the time relevant here, litigation was taking place in Maryland concerning the right to counsel at an initial bond hearing before a Commissioner. In an opinion of January 4, 2012, the Maryland Court of Appeals ruled that an indigent defendant is entitled to counsel, pursuant to the State's Public Defender Act, Md. Code (2008 Repl. Vol, 2012 Supp.), § 16-204 of the Criminal Procedure Article. However, in view of motions for reconsideration, the mandate in that case was stayed. *See DeWolfe*, 434 Md. at 447, 471, 76 A. 3d at 1021, 1034. In the interim, the General Assembly enacted legislation, effective in May 2012, providing that an indigent defendant is not entitled to legal representation at an initial

appearance before a Commissioner. *DeWolfe*, 434 Md. at 455, 76 A.3d at 1025.

Subsequently, on September 25, 2013, the Maryland Court of Appeals issued its decision in *DeWolfe,* holding that, under the Due Process component of Article 24 of the Maryland Declaration of Rights, an indigent defendant has a right to "State-furnished counsel at an initial appearance before a District Court Commissioner." *Id.* at 456, 76 A.3d at 1026. But, the Maryland Court of Appeals expressly declined to decide whether such a right exists under the Sixth or Fourteenth Amendments to the federal Constitution. *Id.* at 456-57, 76 A.3d at 1026.

Moreover, of import here, the Maryland Court of Appeals stayed its opinion in *DeWolfe*, pending adoption of rules to implement its opinion. *See Clyburn v. Richmond*, ____ Md. ____, ____ A.3d ____, 2014 WL2442515 (May 28, 2014). The stay expires on July 1, 2014. *Id.* So, when Horsey appeared before Commissioner Ward on October 2, 2013, an indigent defendant in Maryland did not have a clear right to State-furnished counsel at an initial appearance before a Commissioner.

To the extent the complaint is construed as a petition for habeas relief, it is likewise subject to dismissal. Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist when there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Horsey's claims that he is illegally confined may be litigated in a state forum without harm to his constitutional rights. Accordingly, to the extent the complaint is also construed as a habeas petition, it shall be dismissed, without prejudice.

A separate Order follows.

Date:  June 4, 2014                                    /s/
                                                       Ellen L. Hollander
                                                       United States District Judge